*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

SHARR GARZA,

Plaintiff-Appellant,

v

CHASE WILLARD REICHE,

Defendant-Appellee,

and

AUTO CLUB INSURANCE ASSOCIATION,
MEMBERSELECT INSURANCE COMPANY, and
AUTO CLUB GROUP INSURANCE COMPANY,

Defendants.

UNPUBLISHED
July 29, 2021

No. 354310
Oakland Circuit Court
LC No. 2019-177038-NF

Before: TUKEL, P.J., and SAWYER and CAMERON, JJ.

PER CURIAM.

In this automobile negligence action, plaintiff Sharr Garza appeals the trial court's order granting summary disposition in favor of defendant Chase Willard Reiche. We reverse and remand for further proceedings consistent with this opinion.

## I. BACKGROUND

On October 3, 2016, Garza and Reiche were involved in a motor vehicle accident in which Garza allegedly sustained injuries. The accident occurred after Reiche turned his vehicle in front of Garza's oncoming vehicle. In October 2019, Garza filed a complaint, in relevant part, asserting

that Reiche's negligent conduct caused her injuries.[1]  Reiche answered the complaint and generally denied liability.  Discovery commenced.  During a May 15, 2020 deposition, Garza revealed that she and her spouse had filed a Chapter 13 bankruptcy petition in September 2016.  Although Garza had filed several amendments to the asset schedules after the accident, she did not identify the negligence claim until May 20, 2020.

On June 4, 2020, Reiche filed a motion for summary disposition.  Reiche argued that judicial estoppel should be employed to bar Garza's negligence claim because, prior to the May 2020 amendment, Garza had affirmatively denied that she had any claims against third parties during her bankruptcy proceeding.  Reiche also argued that Garza was unable to pursue the claim herself because the cause of action was the property of the estate.  Garza opposed the motion, arguing that Reiche had failed to meet all of the requirements of judicial estoppel and that she had concurrent authority with the trustee to bring and maintain the negligence suit.

The trial court dispensed with oral argument.  On July 16, 2020, the trial court entered an opinion and order granting Reiche's motion for summary disposition under MCR 2.116(C)(7).  In making its ruling, the trial court concluded that the doctrine of judicial estoppel should be employed on the basis of Garza's representations in the bankruptcy proceeding.[2]  This appeal followed.

## II.  STANDARDS OF REVIEW

This Court reviews the application of the doctrine of judicial estoppel de novo.  *Szyszlo v Akowitz*, 296 Mich App 40, 46; 818 NW2d 424 (2012).  "We [also] review de novo a trial court's decision on a motion for summary disposition."  *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019).  "Summary [disposition] on the basis of collateral estoppel is properly granted under MCR 2.116(C)(7)[.]"  *Lichon v American Universal Ins*, 435 Mich 408, 427 n 14; 459 NW2d 288 (1990).  "A party may support a motion under MCR 2.116(C)(7) by affidavits, depositions, admissions, or other documentary evidence."  *Maiden v Rozwood*, 461 Mich 109, 119; 597 NW2d 817 (1999).  "This Court must consider the documentary evidence . . . in a light most favorable to the nonmoving party.  If there is no relevant factual dispute, whether a plaintiff's claim is barred under a principle set forth in MCR 2.116(C)(7) is a question of law for the court to decide."  *Snead v John Carlo, Inc*, 294 Mich App 343, 354; 813 NW2d 294 (2011) (citation omitted).  "If, however, a pertinent factual dispute exists, summary disposition is not appropriate."  *Id*.

---

[1] Auto Club Insurance Association, MemberSelect Insurance Company, and Auto Club Group Insurance Company were also named as defendants.  Upon the stipulation of Garza and Reiche, the trial court ordered all claims against Auto Club Insurance Association, MemberSelect Insurance Company, and Auto Club Group Insurance Company to be dismissed.

[2] While the trial court stated that Garza was "likely correct in arguing that under the terms of the bankruptcy plan . . . she had the authority to maintain th[e] suit," the trial court found that it was inconsequential because that argument only related to standing, as opposed to judicial estoppel.

## III. ANALYSIS

"Judicial estoppel is an equitable doctrine, which generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase." *Spohn v Van Dyke Pub Sch*, 296 Mich App 470, 479; 822 NW2d 239 (2012) (quotation marks and citations omitted). The doctrine is invoked "to preserve the integrity of the courts by preventing a party from abusing the judicial process through cynical gamesmanship." *Id*. at 479-480 (quotation marks and citations omitted). In *Opland v Kiesgan*, 234 Mich App 352, 363-364; 594 NW2d 505 (1999), this Court explained that "[t]he doctrine of judicial estoppel is to be applied with caution." The doctrine serves to prevent litigants from deliberate manipulation of the courts by arguing opposing positions "to suit an exigency of the moment." *Id*. at 364 (citations omitted). Furthermore, "[j]udicial estoppel is an extraordinary remedy to be invoked when a party's inconsistent behavior will otherwise result in a miscarriage of justice." *Id*. (quotation marks and citations omitted). Judicial estoppel "is not meant to be a technical defense for litigants seeking to derail potentially meritorious claims[.]" *Id*. (quotation marks and citations omitted).

In *Spohn*, 296 Mich App at 480-481, this Court explained the application of the doctrine in the context of bankruptcy proceedings:

> [T]o support a finding of judicial estoppel, [a reviewing court] must find that: (1) [the plaintiff] assumed a position that was contrary to the one that she asserted under oath in the bankruptcy proceedings; (2) the bankruptcy court adopted the contrary position either as a preliminary matter or as part of a final disposition; and (3) [the plaintiff's] omission did not result from mistake or inadvertence. [Alterations in original; quotation marks and citation omitted.]

With respect to the first requirement, Garza was unable to include her potential negligence claim in her original petition because the accident had not yet occurred. Although Garza amended the bankruptcy schedules twice after the October 2016 accident, she did not list the negligence claim until May 2020. Regardless, the record establishes that Garza did amend her asset schedules to include the negligence claim. Although delayed, Garza ultimately complied with her responsibilities under the bankruptcy code and corrected her otherwise contrary position by filing the May 2020 amendment. In light of the amended filing and the fact that the bankruptcy matter remained pending when the amendment was filed, we conclude that Reiche failed to establish the first requirement for the application of judicial estoppel. Cf. *Spohn*, 296 Mich App at 481-483 (finding that "the first requirement for the application of judicial estoppel was demonstrated" because it was "undisputed that Spohn did not include her potential sexual harassment lawsuit on her bankruptcy petition and did not amend that petition to list the possible cause of action while the bankruptcy remained pending").

The record also supports that Garza's failure to disclose the potential asset in the bankruptcy court arose from mistake or inadvertence, as opposed to some ulterior motive to deliberately manipulate the courts through cynical gamesmanship. In this regard, the *Spohn* Court explained:

> In determining whether [the plaintiff's] conduct resulted from mistake or inadvertence, [the reviewing] court considers whether: (1) [the plaintiff] lacked

knowledge of the factual basis of the undisclosed claims; (2) [the plaintiff] had a motive for concealment; and (3) the evidence indicates an absence of bad faith. In determining whether there was an absence of bad faith, [the reviewing court] will look, in particular, at [the plaintiff's] "attempts" to advise the bankruptcy court of [the plaintiff's] omitted claim. [*Spohn*, 296 Mich App at 481 (alterations in original; quotation marks and citation omitted).]

The record establishes that Garza was involved in the motor vehicle accident on October 3, 2016, which was after the bankruptcy petition was filed. The record supports that Garza had informed her first bankruptcy attorney that her vehicle had been totaled in a motor vehicle accident and that the attorney filed a stipulation and order on December 5, 2016, which allowed credit for Garza to purchase or lease a new vehicle. In October 2017, Garza retained a personal injury attorney. On October 26, 2017, Garza's personal injury attorney wrote a letter to Garza's second bankruptcy attorney, requesting that the bankruptcy attorney advise him as to whether any steps needed to be taken with the bankruptcy court. Thus, the record supports that Garza advised her bankruptcy attorneys of the accident and her potential claim. As already discussed, the May 2020 amendment was filed when the bankruptcy matter was still pending. Cf. *Spohn*, 296 Mich App at 486-487 (finding evidence of bad faith where "there [was] no dispute that Spohn did not inform the bankruptcy court of the potential sexual harassment lawsuit or make any attempts to amend her bankruptcy petition").

Additionally, declining to apply the doctrine of judicial estoppel under the circumstances of this case advances the general purpose of the doctrine. Garza identified the negligence claim as a potential asset of her bankruptcy estate while the bankruptcy proceeding was still pending. Furthermore, application of the doctrine is not necessary to avoid a miscarriage of justice. See *Opland*, 234 Mich App at 364. Garza's initial failure to disclose her potential claim in the bankruptcy court placed her creditors, not Reiche, in jeopardy. Moreover, application of judicial estoppel in this case has the potential of causing a miscarriage of justice by preventing Garza from pursuing her claim, which would be to the detriment of her creditors. Indeed, application of the judicial estoppel doctrine and dismissal of Garza's claim could deprive Garza's creditors of recovery of some of the amounts owed to them by Garza. Therefore, because Reiche cannot establish all the requirements necessary for application of the judicial estoppel doctrine and because application of the doctrine under the circumstances of this case would not further the doctrine's purpose, we conclude that the trial court erred by granting summary disposition on judicial estoppel grounds.

Reiche also argues that summary disposition was proper because there was no factual dispute that Garza "lacked the legal capacity to file her lawsuit[.]" This argument was not decided by the trial court when the court granted Reiche's motion for summary disposition. Furthermore, after reviewing the record, we conclude that it would be beneficial for the trial court to address the

issue. Consequently, we decline to consider the argument and reverse and remand to the trial court for proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Jonathan Tukel
/s/ David H. Sawyer
/s/ Thomas C. Cameron